# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DAVID HOWARD LANG,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JOHN AULT, Warden,<br><br>　　　　　Respondent. | No. C04-4101-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PETITION FOR A WRIT OF HABEAS CORPUS** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　*A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　*B. Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
　　　　*1.　The exhaustion requirement and procedural default* . . . . . . . 5
　　　　*2.　Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## *I.　INTRODUCTION AND BACKGROUND*

Before the court is a petition for a writ of habeas corpus, filed pursuant to 28

U.S.C. § 2254. Petitioner, David Howard Lang, is an inmate at the Anamosa State Penitentiary, Anamosa, Iowa. Petitioner Lang pleaded guilty to possessing more than five grams of methamphetamine with intent to deliver, second offense, in violation of Iowa Code §§ 124.401(1)9b)(7) and 124.411. Lang was sentenced to a fifty year sentence of imprisonment.

Lang filed a direct appeal of his sentence and conviction. On appeal, Lang asserted that the state district court abused its discretion in finding that he breached his cooperation agreement, and that his counsel was ineffective for failing to object to the state's recommendation that Lang be incarcerated for the maximum period, in violation of the plea agreement. His appeal was denied by the Iowa Court of Appeals. *State v. Lang*, 2001 WL 99289 (Iowa Ct. App. Feb. 7, 2001). On August 17, 2001, petitioner Lang filed a *pro se* application for post-conviction relief. The state moved for summary judgment on Lang's application for post-conviction relief. The state district court granted the state's motion for summary judgment. The court concluded that Lang's claims were not properly raised on direct appeal and could not be litigated in postconviction proceedings because Lang had not met his burden of showing sufficient reason or cause for not having previously raised the claims. Lang appealed that decision to the Iowa Supreme Court. Lang's court-appointed counsel then sought permission to withdraw, pursuant to Iowa Rules of Appellate Procedure 6.104 and 6.33, on the ground that he had determined that no arguable basis for the appeal existed and that the appeal was therefore frivolous. On July 7, 2004, the Iowa Supreme Court granted Lang's court-appointed counsel permission to withdraw, determined that Lang's appeal was frivolous, and dismissed it.

On November 1, 2004, Lang filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, defendant Lang challenges his sentence or conviction on the following grounds: (1) that the state district court abused its discretion when it held

that Lang violated the cooperation agreement he had with the State of Iowa; (2) that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement; (3) that his counsel was ineffective when he failed to investigate and object to a Nebraska conviction being deemed an accommodation offense in the State of Iowa; (4) that his counsel was ineffective for failing to conduct a proper investigation; (5) that his counsel was ineffective for failing to file a motion to suppress; (6) that his counsel was ineffective by coercing Lang to enter into the plea agreement; (7) that the state district court abused its discretion by not permitting Lang to withdraw his guilty plea; (8) that the state district court abused its discretion by not making an independent finding that Lang had a prior conviction in the State of Nebraska; (9) that his appellate counsel was ineffective for failing to raise a number of issues on direct appeal; and, (10) that the state district court abused its discretion when it refused to appoint substitute counsel.

The case was referred to United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent Ault filed a motion for partial summary judgment in which he asserted that all but two of Lang's claims are procedurally defaulted because Lang failed to exhaust those claims. Specifically, respondent Ault does not seek dismissal of the following two claims: Lang's claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and Lang's claim that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement. On April 15, 2005, a Report and Recommendation was filed by Judge Zoss in which he concluded that petitioner Lang did not resist respondent Ault's motion. Therefore, Judge Zoss recommended that respondent Ault's motion for partial summary judgment be granted. Petitioner Lang has filed timely *pro se* objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of the motion for partial

summary judgment.

## II. ANALYSIS

### A. *Standard Of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir.

1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). Because objections have been filed in this case, the court must conduct a *de novo* review. With these standards in mind, the court turns to consideration of petitioner Lang's objections to Judge Zoss's Report and Recommendation.

### B. Discussion

The court notes that respondent Lang's appointed counsel concluded upon review of the partial motion for summary judgment that he was "unable to resist the motion within the confines of Rule 11." Notice of Non-Resistance To Summary Judgment Mot. at ¶ 1. Petitioner Lang's counsel further indicated that Lang did not agree with his counsel's conclusion. Notice of Non-Resistance To Summary Judgment Mot. at ¶ 2. Petitioner Lang did not file any further response to respondent Ault's motion for partial summary judgment. After Judge Zoss filed his Report and Recommendation, petitioner Lang then filed his pro se objections to the merits of respondent Ault's motion. Petitioner Lang asserts that two other issues he raises in his habeas petition were raised before the Iowa courts. Specifically, he argues that the following claims are exhausted: that his counsel was ineffective when he failed to investigate and object to a Nebraska conviction being deemed an accommodation offense in the State of Iowa, and that the state district court abused its discretion by not making an independent finding that Lang had a prior conviction in the State of Nebraska. Lang does not contest appellant Ault's contention that the remaining claims in his habeas petition were not properly exhausted in Iowa state court.

### 1. *The exhaustion requirement and procedural default*

A state prisoner must exhaust a federal constitutional claim in state court before a federal court may consider the claim. 28 U.S.C. § 2254(b)(1)(A),(c); *see Cox v. Burger*,

398 F.3d 1025, 1031 (8th Cir. 2005); *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.), *cert. denied*, 528 U.S. 846 (1999); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Wayne v. Missouri Bd. of Probation and Parole*, 83 F.3d 994, 996 (8th Cir. 1996); *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.), *cert. denied*, 517 U.S. 1215 (1996). Exhaustion typically requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). However, exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court. *Castille v. Peoples*, 489 U.S. 346, 350 (1989) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); see *Dixon*, 263 F.3d at 777. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992); *see Dixon*, 263 F.3d at 777.

"The procedural default doctrine, like the abuse of writ doctrine, 'refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.'" *Dretke v. Haley*, 124 S. Ct. 1847, 1851 (2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). As the Court explained in *Dretke*,

> A corollary to the habeas statute's exhaustion requirement, the doctrine has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds. *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L. Ed. 2d 594 (1977); *Brown v. Allen*, 344 U.S. 443, 486-487, 73 S. Ct. 397, 97 L. Ed. 469 (1953). But, while an adequate and

independent state procedural disposition strips this Court of certiorari jurisdiction to review a state court's judgment, it provides only a strong prudential reason, grounded in "considerations of comity and concerns for the orderly administration of justice," not to pass upon a defaulted constitutional claim presented for federal habeas review. *Francis v. Henderson*, 425 U.S. 536, 538-539, 96 S. Ct. 1708, 48 L. Ed. 2d 149 (1976); *see also Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ("[T]he doctrine under which state procedural defaults are held to constitute an adequate and independent state law ground barring direct Supreme Court review is not to be extended to limit the power granted the federal courts under the federal habeas statute"). That being the case, we have recognized an equitable exception to the bar when a habeas applicant can demonstrate cause and prejudice for the procedural default. *Wainwright*, supra, at 87, 97 S. Ct. 2497. The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that "fundamental fairness [remains] the central concern of the writ of habeas corpus." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

*Id.* at 1851-52.

Procedural default protects the integrity of the exhaustion requirement-a petitioner that merely lets the time run on state remedies or presents a federal claim to a state court "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it," has not given the state a fair opportunity to pass on the claims. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). There is a "strong presumption" in favor of requiring exhaustion of state remedies. *Castille*, 489 U.S. at 349. As the Supreme Court observed in *Edwards*:

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has

7

> deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S., at 732, 111 S. Ct. 2546. We therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. *Id.*, at 750, 111 S. Ct. 2546. The one exception to that rule, not at issue here, is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice. *Ibid*.
>
> Although we have not identified with precision exactly what constitutes "cause" to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice. *Carrier*, 477 U.S., at 488-489, 106 S. Ct. 2639. Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution. Ibid. In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And we held in Carrier that the principles of comity and federalism that underlie our longstanding exhaustion doctrine--then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)--require that constitutional claim, like others, to be first raised in state court. "[A] claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carrier*, supra, at 489, 106 S. Ct. 2639.

*Edwards*, 529 U.S. at 451.

### 2. *Analysis*

The court concludes that Judge Zoss correctly determined that only those two issues that petitioner Lang raised on direct appeal to the Iowa Court of Appeals could be

considered in this federal habeas proceeding because petitioner Lang failed to properly exhaust any of his other issues in the Iowa courts. *See O'Sullivan*, 526 U.S. at 842. Specifically, the court concludes that the only claims properly before this court are Lang's claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and his claim that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement.

Federal habeas review is not available on Lang's claims if the Iowa Supreme Court "rest[ed] [its decision] on a state law ground that is independent of the federal question and adequate to support the judgment," regardless of "whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Lambrix v. Singletary*, 520 U.S. 518, 522 (1997); *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Taylor v. Norris*, 401 F.3d 883, 884 (8th Cir. 2005); *Hall v. Delo*, 41 F.3d 1248, 1249-50 (8th Cir. 1994). The Iowa Court of Appeals rejected Lang's claims, other than his claims that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement, because he failed to properly preserve them for review:

> Defendant, as a subtopic to his contention he received ineffective representation of counsel in the district court, advances a series of questions asking that they be preserved for postconviction proceedings. He does not allege how his attorney at the district court level was ineffective in regard to the questions raised. We deny this request.
> Defendant filed a pro se proof brief advancing a series of claims. The issues were not preserved for review and we do not address them.

*State v. Lang*, 2001 WL 99289, at *3.

In his state court application for post-conviction relief, Lang asserted the following six claims of ineffective assistance of trial counsel: (1) failure to object to the state's breach of the plea agreement; (2) failure to investigate and argue against a Nebraska conviction giving rise to the enhancement charges; (3) failure to conduct an investigation as to the amount of drugs found on Lang at the time of his arrest; (4) failure to argue that the enhanced charge constituted cruel and unusual punishment because his Nebraska criminal conviction should have been deemed an accommodation offense; (5) failure to file a motion to suppress regarding the drugs found on Lang at the time of his arrest; and, (6) in failing to conduct general investigation and discovery. Lang also alleged ineffective assistance of his appellate counsel for failing to raise and preserve the following issues: (1) prosecutorial misconduct, for the state's breach of the plea agreement and statements made by the prosecutor that Lang had breached the plea agreement; (2) that the trial court abused its discretion by denying Lang's request to withdraw his guilty plea, to appoint new counsel, to appoint an investigator, in finding that Lang breached the plea agreement, and by using Lang's stipulation regarding his Nebraska conviction to enhance his sentence; and, (3) entrapment, alleging illegal tactics were employed to entice Lang to offer methamphetamine for sale.

The Iowa district court first found that: "[a]ny claims by Lang as to whether the State breached the plea agreement have already been disposed of on direct appeal, as the Iowa Court of Appeals held that the trial court did not abuse its discretion in finding that Lang breached the plea agreement." *Lang v. States*, No. PCCV122794, at \*13 (Iowa Dist. Ct. May 28, 2003). The Iowa district court rejected the remainder of Lang's claims in his post conviction relief action because he failed to meet his burden of showing sufficient reason or cause for his not previously raising the claims on direct appeal. *Lang v. States*, No. PCCV122794, at \*13-21 (Iowa Dist. Ct. May 28, 2003). The Iowa district

court concluded that Lang's appellate counsel was not ineffective in failing to raise the aforementioned claims on appeal. The Iowa district court found that Lang's asserted shortcomings of his appellate counsel were "strategic decisions, and in light of all the circumstances, without merit." *Id.* Turning next to Lang's claims of ineffective assistance of his trial counsel, the Iowa district court found that his trial counsel was not ineffective in failing to object to the state's recommendation that Lang receive the maximum sentence because the prosecutor was not bound by the terms of the plea agreement once it had demonstrated that Lang had himself breached the plea agreement. *Id.* at 16. The Iowa District court next concluded that Lang's trial counsel did not fail in an essential duty by not investigating Lang's Nebraska conviction and arguing that it did not qualify as an enhancement because Lang's counsel pursued and obtained a plea agreement according to Lang's wishes. *Id.* at 17. Moreover, the Iowa district court found that any claim that Lang's previous Nebraska conviction could not be used to enhance his Iowa conviction lacked merit because under Iowa law, only a previous conviction for simple possession is excused from qualifying as a second offense. *Id.* The Iowa district court next concluded that Lang's trial counsel was under no duty to investigate Lang's claim that he had only .86 grams of methamphetamine in his pants pocket, thereby not meeting the requirements of the charged offense, because Lang had admitted at his plea that he possessed greater than five grams of methamphetamine and he did not contest the fact that over 200 grams of methamphetamine were found in a container on the floor of the vehicle he was driving. The Iowa district court next rejected Lang's claim that his trial counsel was ineffective in failing to file a motion to suppress and to conduct further investigation. The Iowa district court concluded that such claims do not survive the entry of a guilty plea under Iowa law. *Id.* at 19. With respect to Lang's claim that the failure of his trial counsel to file a motion to suppress, to investigate the amount of methamphetamine in his actual possession, and

to conduct a proper investigation coerced Lang into accepting a plea agreement, the Iowa district court found that Lang had not demonstrated how his plea or sentencing would have been different absent trial counsel's alleged errors. *Id.* at 20. The Iowa district court's decision to grant summary judgment on Lang's state post-conviction relief action was affirmed by the Iowa Supreme Court. *Lang v. State*, No. 03-1005 (Iowa July 7, 2004).

The court concludes that all of petitioner Lang's claims, with the exception of his claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement, are procedurally defaulted because he failed to exhaust these federal claims in Iowa state court. The court can reach the merits of Lang's procedurally defaulted claims only if he can show cause for his default and prejudice or actual innocence. *See Wyldes v. Hundley*, 69 F.3d 247, 253-54 (8th Cir. 1995). However, a federal court is barred from considering an ineffective assistance of counsel claim as "cause" for the procedural default of another claim when the ineffective assistance of counsel claim is itself procedurally defaulted. *Edwards*, 529 U.S. at 453-54. Here, petitioner Lang has not shown cause to overcome the procedural default of his claims. Therefore, the court overrules petitioner Lang's objection to Judge Zoss's Report and Recommendation.

### III.  CONCLUSION

The court accepts Judge Zoss's Report and Recommendation. Accordingly, respondent Ault's motion for partial summary judgment is **granted** and all of petitioner Lang's claims, with the exception of his claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and that his counsel was ineffective when he failed to object to the state's breach

of the cooperation agreement, are dismissed.

**IT IS SO ORDERED.**

**DATED** this 16th day of May, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

by:  s/  des   5/16/05