**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| DAVID HOWARD LANG,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN AULT, Warden,<br><br>    Respondent. | No. C04-4101-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PETITION FOR A WRIT OF HABEAS CORPUS** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      *1.  Standard of review of report and recommendation* . . . . . . . . 10
      *2.  General standards for § 2254 relief* . . . . . . . . . . . . . . . . . 11
   *B. Objections To Report And Recommendation* . . . . . . . . . . . . . . . . . . 13
      *1.  Breach of plea agreement* . . . . . . . . . . . . . . . . . . . . . . . 13
      *2.  Ineffective assistance of counsel* . . . . . . . . . . . . . . . . . . . 14

*III. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

Before the court is a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, David Howard Lang, is an inmate at the Anamosa State Penitentiary, Anamosa, Iowa. Petitioner Lang pleaded guilty to possessing more than five grams of methamphetamine with intent to deliver, second offense, in violation of Iowa Code §§ 124.401(1)9b)(7) and 124.411. Lang was given a fifty year sentence of imprisonment.

Lang filed a direct appeal of his sentence and conviction. On appeal, Lang asserted that the state district court abused its discretion in finding that he breached his cooperation agreement, and that his counsel was ineffective for failing to object to the state's recommendation that Lang be incarcerated for the maximum period, in violation of the plea agreement. His appeal was denied by the Iowa Court of Appeals. *State v. Lang*, No. 99-2047, 2001 WL 99289 (Iowa Ct. App. Feb. 7, 2001). On August 17, 2001, petitioner Lang filed a *pro se* application for post-conviction relief. The state moved for summary judgment on Lang's application for post-conviction relief. The state district court granted the state's motion for summary judgment. The court concluded that Lang's claims were not properly raised on direct appeal and could not be litigated in postconviction proceedings because Lang had not met his burden of showing sufficient reason or cause for not having previously raised the claims. Lang appealed that decision to the Iowa Supreme Court. Lang's court-appointed counsel then sought permission to withdraw, pursuant to Iowa Rules of Appellate Procedure 6.104 and 6.33, on the ground that he had determined that no arguable basis for the appeal existed and that the appeal was therefore frivolous. On July 7, 2004, the Iowa Supreme Court granted Lang's court-appointed counsel permission to withdraw, determined that Lang's appeal was frivolous, and

2

dismissed it.

Lang subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, defendant Lang challenges his sentence or conviction on the following grounds: (1) that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa; (2) that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement; (3) that his counsel was ineffective when he failed to investigate and object to a Nebraska conviction being deemed an accommodation offense in the State of Iowa; (4) that his counsel was ineffective for failing to conduct a proper investigation; (5) that his counsel was ineffective for failing to file a motion to suppress; (6) that his counsel was ineffective by coercing Lang to enter into the plea agreement; (7) that the state district court abused its discretion by not permitting Lang to withdraw his guilty plea; (8) that the state district court abused its discretion by not making an independent finding that Lang had a prior conviction in the State of Nebraska; (9) that his appellate counsel was ineffective for failing to raise a number of issues on direct appeal; and, (10) that the state district court abused its discretion when it refused to appoint substitute counsel.

The case was referred to Chief United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent Ault filed a motion for partial summary judgment in which he asserted that all but two of Lang's claims are procedurally defaulted because Lang failed to exhaust those claims. Respondent Ault did not seek dismissal of two claims: Lang's claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and Lang's claim that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement. Judge Zoss filed a Report and Recommendation in which he recommended that respondent Ault's motion for partial summary judgment be granted.

3

After petitioner Lang filed *pro se* objections to Judge Zoss's Report and Recommendation, the court reviewed Judge Zoss's recommended disposition of the motion for partial summary judgment and accepted Judge Zoss's Report and Recommendation. Accordingly, respondent Ault's motion for partial summary judgment was granted and all of petitioner Lang's claims, with the exception of his claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement he had with the State of Iowa and that his counsel was ineffective when he failed to object to the state's breach of the cooperation agreement, were dismissed.

Judge Zoss subsequently issued a Report And Recommendation on petitioner Lang's two remaining claims. In his Report And Recommendation, with respect to petitioner Lang's claim that the state district court abused its discretion when it held that Lang violated the cooperation agreement, Judge Zoss concluded that petitioner Lang had failed to show the Iowa court's decision is contrary to any applicable United States Supreme Court precedent on the issue. Judge Zoss also found that petitioner Lang had failed to show the Iowa court's decision was based on an unreasonable determination of the facts in light of the evidence. Consequently, Judge Zoss recommended denying Lang's claim that the trial court abused its discretion in finding he had breached the plea agreement. Turning to petitioner Lang's claim of ineffective assistance of counsel, Judge Zoss concluded that because the Iowa court correctly held that petitioner Lang had breached the plea agreement, the state no longer was bound by the agreement that Lang's sentence would not be trebled. Judge Zoss further found that even if petitioner Lang's attorney had objected to the state's sentencing recommendation, the objection would have been overruled, and the outcome of the proceeding would have been unchanged. As such, Judge Zoss determined that petitioner Lang's claim for relief based on ineffective assistance of counsel fails because he is unable to show prejudice. Thus, Judge Zoss

4

concluded that the Iowa court's denial of Lang's ineffective assistance of counsel claim was consistent with *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, and recommended also denying this claim. Therefore, Judge Zoss recommended that petitioner Lang's Petition for Writ of Habeas Corpus be denied. Petitioner Lang has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of petitioner Lang's Petition for Writ of Habeas Corpus.

### *B. Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> On July 29, 1999, Lang was involved in a controlled sale of methamphetamine to a confidential informant. Lang was arrested, and on July 30, 1999, he was charged in Woodbury County with possession of more than five grams of methamphetamine with intent to deliver, a class B felony, and a drug tax stamp violation, a class D felony. Lang pled not guilty to the charges on August 6, 1999. Attorney Peter Van Etten was appointed to represent Lang. At Lang's direction, Mr. Van Etten pursued a plea agreement with the State.
>
> On August 13, 1999, Lang entered into a written plea agreement (Doc. No. 28-2) with the State. Among other things, the plea agreement provided for an amendment of the drug count against Lang to possession of more than five grams of methamphetamine with intent to deliver, as a second offense, in violation of Iowa Code sections 124.401(1)(b)(7) and 124.411. The "second offense" language was added when it became clear from Lang's criminal history that he had a prior conviction in Nebraska for drug-related crimes. In the plea agreement, Lang agreed to plead guilty to the drug charge and the State agreed to dismiss the drug tax stamp charge. The State also agreed to recommend a sentence of

5

incarceration not to exceed twenty-five years, with a mandatory minimum sentence of two and seven-ninths years, and a fine of $5,000, plus a 30% surcharge and a $5.00 D.A.R.E. surcharge. In addition, Lang's driver's license would be revoked for 180 days. *See* Doc. No. 28-2.

In return for these considerations, Lang agreed to cooperate with law enforcement in the investigation of "the use, possession, and trafficking of controlled substances and related criminal activity within the Northern District of Iowa and elsewhere." *Id.* at ¶ 4. The plea agreement spelled out the nature of Lang's cooperation with law enforcement, which included, in part, the following:

> Full and complete cooperation with the United States Attorney's Office, Woodbury County Attorney's Office, Sioux City Police Department and any other law enforcement agencies includes but is not limited to the following:
>
> A. maintaining daily contact with the law enforcement officer the defendant is designated to work with during this agreement;
> B. providing intelligence information;
> C. arranging for the purchases of narcotics and introductions to narcotics traffickers by the defendant and/or undercover agents. At a minimum, this includes introductions to undercover agents by this defendant and purchases of controlled substances by this defendant from individuals over a two month active period and continuing as long as testimony is needed for cases developed in that time;
> D. providing information to secure search warrants;
> E. providing testimony before a United States District Court, [or] Iowa District Court as a witness in any prosecutions growing out of this

6

> investigation;
> F.   providing any document[s] in the defendant's possession, custody or control that are relevant to this investigation;
> G.   being available for interview and debriefing sessions by government attorney and law enforcement agents upon request;
> H.   recording narcotic related conversations as requested.
>
> 5.   The defendant will provide complete and truthful information to the attorneys and law enforcement officers of the government, and the federal grand jury conducting this investigation. The defendant will answer all questions concerning this investigation and will not withhold any information. The defendant will neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. Since the United States and State of Iowa insist upon the defendant telling the truth and nothing but the truth during this investigation and in the event the defendant should be called as a witness, the defendant's failure to provide truthful information will render this agreement void. Further, the defendant will at all times tell the truth and nothing but the truth whether it be during investigation or as a witness at any trial or court proceedings, regardless of who asks the questions – the prosecutors, defense attorneys, investigating agents, probation officers, or the judge.

Doc. No. 28-2, ¶¶ 4 & 5.

The plea agreement further provided sole discretion to the prosecuting attorney to determine whether Lang had completed the terms of the plea agreement satisfactorily, listing the following factors for consideration in making the determination:

> (A)   The government's evaluation of the significance and usefulness of any assistance rendered by the defendant.
> (B)   The truthfulness, completeness, and reliability of any information or testimony provided by the defendant.

7

(C) The nature and extent of the defendant's assistance.
(D) Any injuries suffered or any danger or risk of injury to the defendant or the defendant's family resulting from any assistance provided by the defendant.
(E) The timeliness of any assistance provided by the defendant.

*Id.*, ¶ 10.

On August 13, 1999, the State filed a motion to amend the drug charge to a second offense. Lang pled guilty to the charge, as amended, and the State court judge found Lang guilty pursuant to his plea. The POST-CONVICTION RELIEF court found the trial judge had made "a detailed inquiry into the intelligence and voluntariness of [Lang's] plea" before accepting the guilty plea. Doc. No. 28-4 at 40. During his plea hearing, Lang stipulated to a 1992 drug conviction in Nebraska.

Following his plea, Lang was released on a signed, unsecured appearance bond in the amount of $32,500. His sentencing was scheduled for October 22, 1999, at 9:00 a.m. On September 21, 1999, the State filed an application to reconsider the conditions of Lang's release, alleging Lang had not complied with the terms of the cooperation agreement. A hearing on the application was scheduled for October 1, 1999, at 3:00 p.m. Lang failed to appear at the hearing, and a warrant was issued for his arrest. Lang further failed to appear for his sentencing hearing on October 22, 1999, and a second warrant was issued for his arrest. Lang was arrested on the outstanding warrants on November 4, 1999.

On November 8, 1999, the State court re-appointed attorney Peter Van Etten to represent Lang in connection with his sentencing. On November 10, 1999, the State court entered an order scheduling Lang's sentencing for December 2, 1999. On November 19, 1999, Lang requested a copy of his file from Mr. Van Etten. Lang prepared and filed a series

8

of *pro se* motions and letters in which he asked for a new attorney, to withdraw his guilty plea, to suppress evidence, and to appoint an investigator. In his motion for new counsel, Lang alleged his attorney had not represented Lang's best interests. He further alleged his attorney had a conflict of interest because Mr. Van Etten had represented Lang's son a few years earlier in connection with a probation revocation case. During the December 2, 1999, sentencing hearing, the State court took up Lang's motion for a new attorney, and denied the motion. The State court considered Lang's motion to withdraw his guilty plea as a Motion in Arrest of Judgment, and denied that motion, as well.

During the sentencing hearing, Lang, for the first time, contested the amount of methamphetamine found on his person, and he argued he had complied with the terms of the plea agreement. The Iowa Court of Appeals summarized the proceedings as follows:

On December 2, 1999, the State dismissed the drug tax stamp violation advancing it was done pursuant to the plea agreement. At the December 2, 1999 hearing[,] defendant testified in support of his motion [for new counsel and to withdraw his guilty plea]. He claimed his name had been in the paper three times and nobody wanted to work with him. Defendant further testified he told agents that he had some information that a thousand pounds of methamphetamine was coming from California to Omaha, from Omaha to Sioux City, and from Sioux City to Sioux Falls. He said he was willing to give up the people involved in that or those transactions. He said he was only told his plea agreement would be withdrawn and he would go back to jail.

The prosecutor told the court that defendant told the officers he couldn't do anything. He further said that defendant failed to provide any details about the alleged methamphetamine coming in so that it could be found. The

9

prosecutor further said he had consulted with the drug task force and found that defendant had failed to satisfy the terms of the plea agreement.
Doc. No. 28-4, pp. 35-36.

Lang argued he had put forth a good-faith effort to cooperate with law enforcement, but his cooperation was impeded for various reasons. He stated he had been unable to give authorities more information about the 1,000-pound shipment of methamphetamine from California because his source refused contact. In addition, Lang claimed he had heard there was a contract out on his life.

The trial court found Lang had breached the plea agreement. Based on the prosecutor's determination that Lang had breached the plea agreement, the prosecutor recommended a seventy-five year term of imprisonment. The trial judge sentenced Lang to an indeterminate term of imprisonment not to exceed fifty years, plus certain fines.

Report and Recommendation at pp. 3-7. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. ANALYSIS

### A. Standard Of Review

#### 1. *Standard of review of report and recommendation*

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

10

28 U.S.C. § 636(b)(1). Similarly, Rule 72(b) of the Federal Rules of Civil Procedure provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Fed. R. Civ. P.* 72(b). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). Because objections have been filed in this case to Judge Zoss's legal conclusions, the court must conduct a *de novo* review.

### 2. *General standards for § 2254 relief*

Section 2254(d)(a) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs Lang's petition.

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable

11

> application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). In this instance, Lang seeks habeas relief under the second category. An "unreasonable application" of Federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. It is not enough that the state court applied clearly established federal law erroneously or incorrectly-the application must additionally be unreasonable. *Id.* at 411; *see Bell v. Cone*, 535 U.S. 685, 694 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

However, in order to preserve an issue or claim for federal review, a petitioner must satisfy certain procedural requirements. As the Eighth Circuit Court of Appeals has explained previously:

> Before a federal court may reach the merits of a claim in a habeas petition by a state prisoner, it "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curium*); *McCall v. Benson*, 114 F.3d 754, 757 (9th Cir. 1997). "In order to fairly present a federal claim to the state courts,

12

> the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case rasing a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotations omitted).

*Frey v. Schuetzle*, 151 F.3d 893, 897 (8th Cir. 1998); *see Sweet v. Delo*, 125 F.3d 1144, 1153 (8th Cir. 1997) ("Raising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review.") (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*); *Gray v. Netherland*, 518 U.S. 152, 162 (1996) (holding that general appeal to broad concept such as due process is insufficient presentation of the issue to state court)).

### B. Objections To Report And Recommendation
#### 1. Breach of plea agreement

Petitioner Lang objects to Judge Zoss's conclusion that his breach of the plea agreement was proven by the state. In affirming the Iowa District Court's conclusion that petitioner Lang had breached the plea agreement, the Iowa Court of Appeals observed:

> The record supports a finding the defendant did not comply with the plea agreement. He failed to appear for a scheduled bond review hearing or the originally scheduled sentencing hearing. He was only brought to court after he was arrested and incarcerated on the basis of a warrant issued when he failed to appear.
>
> The prosecutor testified he had checked with the drug task force and defendant had done little or nothing as provided for in the agreement. Rather, defendant told them he could do nothing. Defendant's testimony as to the events further supports the prosecutor's representations.

13

*State v. Lang*, No. 99-2047, 2001 WL 99289 at *2 (Iowa Ct. App. Feb. 7, 2001). This conclusion is fully supported by the record. It is clear that petitioner Lang absconded when he failed to appear at the October 1, 1999, hearing on the State's application to reconsider the terms of his release. Petitioner Lang further failed to appear for his scheduled sentencing on October 22, 1999. Indeed, petitioner Lang was a fugitive until November 4, 1999, when he was arrested on the outstanding bench warrants. Petitioner Lang's absconding clearly violated the terms of petitioner Lang's plea agreement which required him to maintain daily contact with law enforcement officers. Thus, the court concludes that petitioner Lang has failed to prove the Iowa court's decision on this issue is contrary to any applicable United States Supreme Court precedent on the issue. Moreover, petitioner Lang has failed to establish that the Iowa court's decision was based on an unreasonable determination of the facts. The court, therefore, overrules this objection.

### 2. *Ineffective assistance of counsel*

Petitioner Lang also objects to Judge Zoss's conclusion regarding petitioner Lang's claim of ineffective assistance of counsel. Judge Zoss concluded that because the Iowa court correctly concluded that petitioner Lang had breached the plea agreement, the state no longer was bound by the agreement that Lang's sentence would not be trebled. Consequently, Judge Zoss determined that petitioner Lang was unable to show prejudice resulting from his counsel's failure to object to the state's sentencing recommendation because any objection based on Lang's plea agreement would have been overruled. Thus, Judge Zoss concluded that the Iowa court's denial of Lang's ineffective assistance of counsel claim was consistent with United States Supreme Court precedent.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable

15

professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

Here, any objection by Lang's counsel to the state's sentencing recommendation which was grounded on Lang's plea agreement would have been futile since Lang was in violation of that agreement. Accordingly, the court agrees with Judge Zoss's conclusion that petitioner Lang has failed to demonstrate that he was prejudiced by his counsel's failure to object to the state's sentencing recommendation because any objection based on Lang's plea agreement would have been overruled. Thus, the court finds that petitioner Lang has failed to prove the Iowa court's decision on this issue is contrary to *Strickland* and its progeny. In addition, the court concludes that petitioner Lang has failed to

16

establish that the Iowa court's decision was based on an unreasonable determination of the facts. The court, therefore, also overrules this objection.

### III. CERTIFICATE OF APPEALABILITY

Lang must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Lang's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Lang's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### IV. CONCLUSION

The court **accepts** Judge Zoss's Report and Recommendation. Therefore, Lang's Petition for Writ of Habeas Corpus is **dismissed**. The court further orders that no

certificate of appealability shall be issued for any of Lang's claims.

**IT IS SO ORDERED.**

**DATED** this 24th day of September, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA